IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No.  08-cv-02112-RPM

RICHARD (Chance) LEOFF,

    Plaintiff,

v.

S AND J LAND COMPANY,
a Colorado Limited Liability Company,

    Defendant.

_____

ORDER FOR HEARING ON REMAND ISSUES
_____

Pursuant to the Order and Judgment issued by the Tenth Circuit Court of Appeals on November 29, 2012, this court is required to adjudicate the question of a final partnership accounting pursuant to C.R.S. § 7-64-807 and an award of attorney fees in connection with litigating the mechanic's lien as required by C.R.S. § 38-22-128.  A conference after remand was scheduled for February 8, 2013.

On January 31, 2013, a "Substitution of Counsel for Plaintiff" was filed (Doc. 183), purporting to substitute George Allen for Jay Horowitz as counsel for Richard (Chance) Leoff.  Mr. Allen filed a motion to continue the conference set for February 8, 2013, on February 4, 2013 (Doc. 184).  A response to that motion was filed by Joseph Coleman, counsel for S & J Land Company on February 4, 2013 (Doc. 187).  In that response,

defendant's counsel asserted that Mr. Allen continues to be a party in pending state court litigation and is therefore still faced with a possible conflict of interest.

The conference was vacated by an order entered on February 5, 2003, (Doc. 189) and ordered Mr. Allen to show cause why he should not be disqualified from appearing for the plaintiff.

On that same date, Mr. Horowitz filed a motion to withdraw from representation of the plaintiff, in part based on Mr. Allen's appearance (Doc. 190).

Mr. Allen filed his response to the order to show cause on February 16, 2013, (Doc. 192).

On February 20, 2013, S & J Land Company filed a "Proposed Procedures on Remand," (Doc. 193).  Mr. Horowitz filed a response memorandum to that proposal on behalf of Mr Leoff on March 8, 2013, (Doc. 196).  In that response Mr. Horowitz raises an issue concerning interpretation of C.R.S. § 38-22-128 and asserts that because this Court in its Memorandum Opinion and Order of June 3, 2011, (Doc. 164) found that in practical effect the partnership ended before construction of the White House project began, a finding overlooked by the Circuit Court, the accounting required by statute should be based on the circumstances existing at that time.  The defendant filed a reply on March 13, 2013, contending that the partnership was not dissolved until this Court's decree of December 21, 2010.

On June 21, 2013, the defendant filed a request for a status conference (Doc.

198).

Upon review of these filings, it is

ORDERED that a hearing will be held, to be attended by Jay Horowitz, George Allen and Joseph Coleman to address the following matters.

1. The question of the propriety of the appearance of George Allen as counsel for the plaintiff.

2. The motion to withdraw filed by Jay Horowitz.

3. The issues to be litigated, including the date to be used for a final accounting of the partnership and the interpretation of C.R.S. § 38-22-128.

4. Whether Mr. Coleman may have a conflict of interest because of his personal involvement in the dealings with XYZ, the Alpine Bank and the "sale" of the White House property.

It is FURTHER ORDERED, that a time for this hearing will be set after consultation with counsel.

DATED:   August 13th, 2013

                             BY THE COURT:

                             s/Richard P. Matsch
                             _____
                             Richard P. Matsch, Senior Judge