IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No.  08-cv-02112-RPM

RICHARD (Chance) LEOFF,

     Plaintiff,

v.

S AND J LAND COMPANY,
a Colorado Limited Liability Company,

     Defendant.

_____

FINDINGS, CONCLUSIONS AND ORDER
_____

Upon consideration of the parties' respective responses [211] and [213] to this Court's Proposed Ruling [210] and the Defendant's Proposed Accounting [214], the following constitutes the findings of fact and conclusions of law resolving the disputed issues.

The Defendant recognizes this Court's previous finding that S & J disassociated itself from the partnership by taking over management and control of the construction of the White House Condominiums after Leoff had obtained all of the required regulatory approvals before construction began.  It argues that:

> While tying dissociation with dissolution is acceptable, S&J respectfully contends that trying to "back date" Partnership termination to a dissociation dissolution and end the winding up/accounting as of dissolution date would be error.
> 
>                                                      Doc. 211, p.3.

C. R. S. § 7-64-801(1)(b) provides that a partnership for a particular undertaking

is dissolved and its business shall be wound up within ninety days after a partner's wrongful dissociation under § 7-64-602. A wrongful dissociation occurs under that section if it is willful under § 7-64-601(a).

That is not directly applicable because the dissociation was by operation of § 7-64-601(e). Accepting that there was an effective dissolution of this partnership before construction began, it would be incongruous to hold Leoff liable for losses that S & J incurred in pursuing the project to completion and sale after litigation.

These parties never intended to form a partnership. They never functioned as partners. The partnership had no name. All of the documents, land title, financing, construction contracts and others were executed by or for S & J Land Company. This was a partnership thrust upon these parties by operation of law and this partnership was dissolved by operation of law.

There is no conceivable basis for any finding that Leoff would be liable as a general partner to any creditor of S & J after May, 2007, and he should have no liability to S & J for its losses after that date.

Leoff contends that he should be paid $240,300.00 as 30% of the appreciated value of the only asset of the partnership before dissolution because that increased value to the land resulted from his actions in obtaining the approvals necessary to permit construction of condominiums. There is some seeming logic to his claim. If there had been a winding up of the partnership before construction began, the sole asset was the land and the Alpine Bank had appraised it for $1,350,000.00 and it had been purchased for $549,000. The argument fails because his entitlement was to be 30% of S & J's profits as defined in III-R of the Operating Agreement to be distributed per Section 6 of

that agreement.  There were no such profits at the time of disassociation.

Leoff received payment of $50,000.00 in anticipation of the project resulting in a profit to S & J.  That did not happen.  S & J is entitled to recover that $50,000.00 plus interest to the date of final judgment.

In the Court's Proposed Ruling the attorney's fees to be awarded pursuant to C.R.S. § 38-22-128 were to be limited to those reasonably necessary in obtaining the partial summary judgment invalidating the mechanic's lien.  In its response, S & J claims that it should also recover for defending that ruling on appeal and for removing other lien interference with the attempts to sell the property prior to that motion.  The appeal was taken by S & J with Leoff filing a cross-appeal on the partnership finding. The fee transfer in this case is pursuant to the Colorado statute and it limits recovery to a proceeding under the General Mechanics' Lien Statute, Title 38, Article 22.  That is an isolated part of litigation.

Upon the foregoing, it is

ORDERED, that the final accounting in this case is limited to the recovery of the advance on profits paid to Leoff, $50,000.00 plus interest, and it is

FURTHER ORDERED that on or before April 15, 2014, S & J shall submit its motion for attorney fees pursuant to D.C.Colo.LCivR 54.3 for legal services in obtaining partial summary judgment.

DATED: March 21st, 2014

BY THE COURT:

        s/Richard P. Matsch

        _____
        Richard P. Matsch, Senior District Judge